IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARANJIT BATTH, and GAGAN BATTH, <br><br> Plaintiffs, <br> v. <br><br> MARKET 52, INC., a California corporation, JERALD D. DOWNS, and LYNDSEY C. DOWNS, <br><br> Defendants. | 1:11-CV-1806  AWI SKO <br><br> ORDER ON PLAINTIFFS' MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER <br><br> (Doc. No. 3) |

Before the Court is Plaintiffs' ex parte motion for temporary restraining order ("TRO") and for preliminary injunction against Defendant Market 52.  Plaintiffs seek a TRO through the Perishable Agricultural Commodities Act ("PACA").

*Rule 65 Framework*

Under Rule 65(b), a court may issue an *ex parte* temporary restraining order only if:  (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  Fed. R. Civ. Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).  Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted *ex parte*

are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974); McCord, 452 F.3d at 1131.

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011). "Injunctive relief . . . must be tailored to remedy the specific harm alleged." Park Vill., 636 F.3d at 1160.

*Declaration of Gagan Batth*

Plaintiffs have submitted the declaration of Gagan Batth in support of their application for a TRO. In pertinent part, this declaration shows that: (1) Plaintiffs and Market 52 entered into a contract on August 19, 2011, whereby Plaintiffs would provide Market 52 with Flame variety table grapes at $2.75 per box; (2) payment to Plaintiffs were due on September 23 and October 2, 2011; (3) Market 52 took possession of the grapes on September 15, 2011; (4) Defendants had an outstanding balance of $178,936.25; (5) Market 52 did not make the September 23 or October 2 payments; (6) Plaintiffs made inquiries between October 7 and October 12 regarding payment and was told that Market 52 was courting new investors, was experiencing a "short term glitch," and was tightening control measures to bring up cash accounts so that accounts such as Plaintiffs could be paid; (7) a temporary restraining order has been issued against Market 52 under PACA;[1] (8) Market 52 have never disputed the debt owed to

---

[1] The TRO was issued on October 7, 2011, by this Court in case number 1:11-cv-1660 AWI DLB.

Plaintiffs in any way; (9) Plaintiffs' attorney sent Market 52 notice under 7 U.S.C. § 499e(c) on October 20, 2011, to preserve PACA trust benefits; and (10) Market 52 operates under a valid PACA license that was issued by the U.S. Department of Agriculture on July 29, 2011.  See Court's Docket Doc. No. 5.

*Resolution*

The Court will grant Plaintiffs' application for an ex parte TRO.  First, Table grapes qualify as a 'perishable agricultural commodity' as defined by PACA.  7 U.S.C. § 499a(4)(A) (defining the term 'perishable agricultural commodity' as "Fresh fruits and fresh vegetables of every kind and character.").  Market 52 is a "dealer" under PACA since it holds a license from the Agriculture Department.  See 7 U.S.C. §499a(6); Court's Docket Doc. No. 5 at Ex. D.  Plaintiffs sent a notice of intent to preserve PACA trust benefits to Market 52 on October 20, 2011, and the representation is that Market 52 does not dispute that the debt is owed.  See 7 U.S.C. § 499e(c); Court's Docket Doc. No. 5 at Ex. C.  Thus, Plaintiffs have shown a high likelihood of success.

With respect to irreparable harm, Plaintiffs are owed $178,936.25.  Plaintiffs have been told by Market 52's principals that Market 52 is seeking new investors, is trying to take steps to bring up cash flow, and a previous TRO against Market 52 has been entered.  Further, Plaintiffs' counsel has filed a certification that argues that notice to Defendants would allow Market 52 to dissipate the PACA trust.  The Court is satisfied that Plaintiffs are threatened with irreparable harm in that PACA trust monies are in danger of dissipation.  See Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc., 222 F.3d 132, 140-41 (3rd Cir. 2000).

Based on the evidence presented, the Court finds that Plaintiffs have a high likelihood of success on the merits and will likely suffer immediate irreparable injury unless a temporary restraining order is granted.  Issuance of a TRO is therefore appropriate.

//
//
//
//

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion for an ex parte temporary restraining order is GRANTED;
2. Plaintiffs shall serve a copy of the Complaint, Motion for Temporary Restraining Order, Motion for Preliminary Injunction, this Order, and all associated filings by personal service, including by facsimile transmission or federal express, on or before November 3, 2011, at 2:30 PM;
3. Defendants shall file any and all responsive papers on or before November 8, 2011 at 10:00 AM;
4. Plaintiffs may file reply papers on or before November 10, 2011, at 10:00 AM;
5. A hearing on Plaintiffs' motion for preliminary injunction will be held on November 15, 2011, at 1:30 PM in Courtroom Two;
6. Defendants may apply to the Court for modification or dissolution of the instant Order upon two (2) days' notice to Plaintiffs, or upon such shorter notice as the court may allow;
7. The $178,936.25 in PACA trust assets belonging to Plaintiffs and in the possession of the Defendants will serve as Plaintiffs' security for this temporary restraining order as required by Fed. Rule Civ. Proc. 65(c);
8. Defendant Market 52, its officers, agents, factors, subsidiaries, assigns, and banking institutions (specifically including Defendants Jerald D. Downs and Lyndsey C. Downs) who receive actual notice of this Order are temporarily restrained and enjoined from dissipating, paying, transferring, assigning, or selling PACA trust assets up to a total of $178,936.25 whether held as receivables, cash on hand, hard assets, within bank accounts, or held in any other tangible or intangible form until further order of this Court;.
9. If the Defendants pay Plaintiffs the sum of $178,936.25, Plaintiffs are required to immediately make a filing informing the Court of this fact so the temporary restraining order can be dissolved and the hearing vacated; and
10. This temporary restraining order is entered on November 1, 2011, at 2:30 PM.

IT IS SO ORDERED.

Dated:   November 1, 2011                           _____
                                                    CHIEF UNITED STATES DISTRICT JUDGE